UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:16-cv-1272 |
| v. | ) |
| | ) |
| **CENTRAL MICHIGAN INNS, INC.**, a | ) Judge: |
| Michigan corporation for profit, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant **CENTRAL MICHIGAN INNS, INC.** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1.  This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2.  The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Counts II and III utilize the same core of operative facts as Count I, and are therefore subject to supplemental jurisdiction.

3. Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## **PARTIES**

4. Plaintiff, LELAND FOSTER ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **CENTRAL MICHIGAN INNS, INC.** operates and owns a Holiday Inn Express & Suites located at 2209 University Park Dr, Okemos, MI 48864 in Ingham County. Plaintiff has patronized Defendant's hotel and business as an overnight guest previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by **CENTRAL MICHIGAN INNS, INC.** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fails to comply with the ADA and its

regulations, as also described further herein.

7. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. On or about August 26, 2016, Plaintiff visited the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including hand cycle events and tennis in mid-Michigan. Leland Foster travels to the area to participate in adaptive sporting events at Michigan State University approximately once every two weeks, has many friends in the area whom he socializes with regularly, and frequents many establishments in the Ingham County region and has been a customer and stayed as an overnight guest at the property that forms the basis of this lawsuit. During the Plaintiff's stay on the night of August 26, 2016, Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety and caused him physical injury.

9. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access,

or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

10. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages

and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

12. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

13. A preliminary inspection of **The Holiday Inn Express & Suites**, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes and Parking

    A. No accessible route from the parking lot to the hotel due to a non-compliant curb cut, in violation of the ADA whose remedy is readily achievable.

    B. Access aisles do not lead to an accessible route, in violation of the ADA whose remedy is readily achievable.

    C. There is no accessible route from the passenger loading zone into the hotel due to a curb, in violation of the ADA whose remedy is readily achievable.

    D. There is no marked access aisle in the passenger loading area, in violation of the ADA whose remedy is readily achievable.

Lobby:

    E. The service transaction counter in the lobby designated for accessible patrons does not meet the width requirement of 36 inches prescribed by the 2010 Standards, in violation of the ADA whose remedy is readily achievable.

    F. Coffee dispensers and other amenities in the breakfast area are placed in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Public Restrooms:

    G. The toilet compartment door is not self-closing, in violation of the ADA whose remedy is readily achievable.

    H. The coat hook mounted inside the toilet compartment is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

    I. The toilet compartment lacks required clear floor space, in violation of the ADA whose remedy is readily achievable.

    J. The toilet compartment contains missing or non-compliant grab bars, in violation of the ADA whose remedy is readily achievable.

    K. The toilet paper dispenser is mounted in a location that interferes with use of the grab bar, in violation of the ADA whose remedy is readily achievable.

    L. The water closet is located in excess of 16"-18" from the wall to the centerline of the toilet, in violation of the ADA whose remedy is readily achievable.

    M. There is lacking or insufficient latch side maneuvering clearance to exit men's restroom, in violation of the ADA whose remedy is readily achievable.

Pool Area:

    N. The adaptive pool lift was covered and rendered inoperable, in violation of the ADA whose remedy is readily achievable.

    O. Tables in the pool area do not have the required knee and toe clearances, in violation of the ADA whose remedy is readily achievable.

    P. Pool area restroom contains a water closet with flush controls not mounted on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

    Q. Pool area restroom contains a toilet compartment with a door that is not self-closing, in violation of the ADA whose remedy is readily achievable.

    R. Fitness amenities are mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

The Designated Mobility Accessible Guestrooms

    S. The fixed shower seat in the roll-in shower was not properly maintained in violation of the requirement of maintenance of accessible features.  Whereas, the shower seat was mounted improperly causing it to angle dangerously to the floor, in violation of the ADA whose remedy is readily achievable.

    T. The roll-in shower faucet controls are not located pursuant to the code requirements, in violation of the ADA whose remedy is readily achievable.

    U. The shower handheld adjustable spray units are not equipped with an on/off control

      and non-positive shut-off, in violation of the ADA whose remedy is readily achievable.

    V. Upon information and belief, there are many features in the designated accessible guestrooms that are non-compliant with the implementing regulations of the Americans with Disabilities Act and require further inspection and documentation.

<u>Policies and Procedures</u>

    W. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in contravention of the ADA whose remedy is readily achievable.

14. The discriminatory violations described in Paragraph 13 by Defendant **CENTRAL MICHIGAN INNS, INC.** is not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**<u>COUNT I</u>**
**<u>VIOLATION OF THE AMERICANS WITH DISABILITES ACT</u>**

15.    Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16.    The hotel at issue, as owned and operated by **CENTRAL MICHIGAN INNS, INC.**,

7

constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

18. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
M.C.L. § 37.1301 *et seq*.**

20. Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21. **CENTRAL MICHIGAN INNS, INC.** operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

22. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. The unlawful acts have caused Plaintiff Foster actual injury.

23. Whereas, on August 26-27th, 2016 Plaintiff was an overnight guest at the hotel of Defendant. In the morning of August 27, 2016, Leland Foster attempted to use the roll-in shower in the designated mobility accessible guestroom. The fixed shower seat in the roll-in shower was not properly maintained, in violation of the ADA's requirement of maintenance of accessible features, specifically the shower seat was mounted improperly causing it to angle dangerously to the floor. The steep angle caused Foster to slip off when attempting to use the equipment. Foster suffered a bruised tailbone when he fell from the fixed shower seat.

24. Furthermore, as a result of the Defendant failure to provide a handheld adjustable spray units in the shower that are equipped with an on/off control and non-positive shut-off as required by the ADA, Foster could not turn off the spraying water after suffering his fall and Plaintiff had to crawl through pooling water to get to a phone to call for help. He was taken by ambulance to a nearby hospital.

25. Hotel management asked Mr. Foster why he wasn't traveling with his attendant and further embarrassed and humiliated Mr. Foster, who vigorously explained to staff that he is an independent adult who is capable of traveling without assistance, provided the facilities are properly equipped to comply with the ADA.

26. The above caused Foster bodily injury, pain and suffering, out of pocket medical expenses, embarrassment, and other damages.

27. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

## COUNT III
## DEFENDANT'S NEGLIGENCE CAUSING
## PERONSAL INJURIES TO PLAINTIFF LELAND FOSTER
## ON DEFENDANT'S PREMISES

28. Plaintiff restates the allegations of ¶¶1-27 as if fully rewritten here.

29. On August 26-27, 2017 Leland Foster was an overnight guest at the Holiday Inn Express & Suites Lansing-Okemos owned and operated by the Defendant.

30. In the morning of August 27, 2016, Leland Foster attempted to use the roll-in shower in the designated mobility accessible guestroom. The fixed shower seat in the roll-in shower was not properly maintained, in violation of the ADA's requirement of maintenance of accessible features, specifically the shower seat was mounted improperly causing it to angle dangerously to the floor. The steep angle caused Foster to slip off when attempting to use the equipment. Foster suffered a bruised tailbone when he fell from the fixed shower seat.

31. The Defendant, an innkeeper, owes its guests a higher duty of care and act negligently if they fail to reasonably protect a guest from foreseeable harm.

32. It was foreseeable and substantially certain to the Defendant and their agents, given their

      advance knowledge that this customized designated mobility accessible guestroom would be used by persons with a disability, that failure to maintain the accessible features would result in serious injuries and/or would expose Leland Foster to such risk.

33. The above mentioned injuries to Leland Foster was directly and proximately caused by the carelessness, negligence, and/or negligence as a matter of law of the Defendants and their agents.

34. As a direct and proximate result of the carelessness and negligence of the Defendant, the Plaintiff Leland Foster sustained serious physical injury, including injury to his tailbone which required treatment.

35. As a direct and proximate result of the carelessness and negligence of the Defendant, the Plaintiff Leland Foster has incurred medical expenses exceeding $5,000.

**WHEREFORE**, Plaintiff demands,

    For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

    For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

For **COUNT III**, compensatory and exemplary damages, in an amount to be determined at trial, but in any event not less than $5,000.00 or amounts which fully and fairly compensate him for his individual injuries and damages, for costs of this action, for interest as allowed by law, and for all other relief just and proper in the premises.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net

and

/s/ Valerie J. Fatica
Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
valeriefatica@gmail.com
*Admitted to bar of the W. District of MI