UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| **LELAND FOSTER**, | ) | Case No. 1:16-cv-1272-RSK |
| | ) | |
| Plaintiff, | ) | Magistrate Judge Ray Kent |
| | ) | |
| **CENTRAL MICHIGAN INNS, INC.**, a | ) | |
| Michigan corporation for profit | ) | |
| | ) | |
| | ) | |

## CONSENT DECREE AND ORDER

WHEREAS, Plaintiff Leland Foster ("**Foster**") filed this action against Central Michigan Inns, Inc. (referred to as the "**Defendant**") in the United States District Court for the Western District of Ohio, Case Number 1:16-cv-1272;

WHEREAS, Foster alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("Title III" of the "ADA") and Michigan Persons with Disabilities Civil Rights Act, M.C.L. § 37.1301, and personal injuries at a hotel commonly referred to as Holiday Inn Express & Suites Lansing-Okemos, located at 2209 University Park Dr, Okemos, MI 48864 in Ingham County, Michigan (the "**Property**");

WHEREAS, Central Michigan Inns, Inc. expressly denies that the Property is in violation of the ADA and Michigan law, and denies any other wrongdoing or liability whatsoever;

WHEREAS, the Parties desire to resolve this matter, without further formal proceedings, and have voluntarily entered into a Consent Decree and Order;

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Decree and Order, the Parties request the Court to enter consent judgment accordingly.

**I.      Undertakings by Defendant:**

Without admitting liability, in response to and in settlement of the allegations contained in Foster's Complaint, and all other allegations brought or which could have been brought in this action with respect to this Property, Central Michigan Inns, Inc. agrees to perform the following barrier removal, alterations, and modifications at and to the Property within one year of the signing of this Consent Decree, unless an alternate date is specifically provided for in this Consent Decree or the attached **Exhibit A**, subject to a reasonable extension due to acts of God, force majeure, or events beyond the control of Central Michigan Inns, Inc. such as inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor defaults, or work stoppages:

**Agreed Remedial Measures:**

> ***See Exhibit A***. Letter dated July 25, 2017 and entitled, "AGREED REMEDIAL MEASURES – HOLIDAY INN EXPRESS & SUITES OKEMOS", which is attached hereto and incorporated herein by reference. Defendant shall make the modifications contemplated in Exhibit A in the specific timeframes itemized per each individual item.

**II.      Undertakings by Plaintiff Foster:**

Foster agrees that he is releasing Central Michigan Inns, Inc. and their respective parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders, members, managers, directors, officers, employees, agents, attorneys, and lessors of and lessees at the Property from any and all claims, causes, damages, demands, liabilities, equities, and any and all other  claims, whether known or unknown, from the beginning of time to the date of the entry of this Consent Decree and Order.  Foster further agrees that the completion of the above-referenced modifications and payment will fully resolve his

2

claims against Central Michigan Inns, Inc. in the above-captioned matter, and consents to the Court's dismissal of this matter.

**III.** **"Readily Achievable" Modifications:**

The Court finds that the modifications and alterations agreed to be made by Defendant at the Property are the only ones that would be considered "readily achievable," which would be achievable to the "maximum extent feasible," or which would otherwise be currently required under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. (as amended effective January 1, 2009), and under O.R.C. §4112.01 et seq.

**IV.** **Compliance with the ADA and Relevant Michigan Law:**

Upon completion of the above-listed modifications, the Court and the Parties agree that the Property is in compliance with the Americans with Disabilities Act and Michigan law to the extent readily achievable.

**V.** **Plaintiff's Damages, Fees and Expenses:**

Central Michigan Inns, Inc. shall pay or cause to be paid the total of Thirty Thousand Dollars (**$30,000.00**) directed to Foster and Foster's counsel of record, Law Offices of Owen Dunn, Jr. and Valerie J. Fatica. Payment shall be made to the order of "Leland Foster and Owen Dunn Jr., his attorney" and delivered to Plaintiff's counsel within ten (10) days of the Court's entry this Consent Decree.

The above-referenced payment shall represent full and complete payment for all claims of Foster and Foster's representatives, including Foster's counsel of record. Foster and Foster's representatives, including Foster's counsel of record, hereby acknowledge that with respect to Foster's claims in the matter *Leland Foster v. Central Michigan Inns, Inc.* (Case No. 1:16-cv-1272), they are not entitled to and will not receive any compensatory damages, punitive damages, injunctive relief, attorneys' fees, costs, or any other form of relief other than the relief expressly

3

provided for in this Consent Decree. Foster and Foster's counsel affirm that there are no liens, claims or restrictions on their ability to accept such payment, and agree to fully hold harmless and indemnify Central Michigan Inn, Inc. and their management, agents, employees, counsel and insurer against any and all liens or claims made against said settlement payment.

**VI.**     <u>**Jurisdiction:**</u>

The parties have requested the Court to dismiss the case with prejudice, but retain jurisdiction over this case for the sole purpose of enforcing the terms of this Consent Decree and Order and the Agreement between the Parties. In the event of a dispute between the Parties regarding the terms of this Consent Decree and Order, the Parties agree to submit themselves to the jurisdiction of the U.S. District Court for the Western District of Michigan. The Parties further waive any objection on the grounds of lack of personal jurisdiction or venue to the exercise of such jurisdiction now or in the future, but only in connection with the present litigation.

**VII.**     <u>**Judgment:**</u>

Based upon the foregoing, the Court finds that this Consent Decree and Order is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that each party is hereby ordered to comply with the terms and conditions of this Consent Decree and Order entered into as a result of the settlement of the Parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon completion of the responsibilities set forth in this Consent Decree and Order, that Defendant be and is hereby found to be in compliance with the Americans with Disabilities Act, 42 U.S.C.§ 12101 *et. seq.* and in compliance with Michigan law as of the date of this Judgment Entry.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the case is dismissed with prejudice. The jurisdiction of this Court is reserved only to enforce the terms and conditions of this Consent Decree and Order. The Clerk of Court is directed to enter judgment accordingly.

Dated: September 25, 2017        /s/ Ray Kent

Honorable Ray Kent
United States District Court Magistrate Judge

**Approved by:**

/s/ Owen B. Dunn, Jr.
Owen B. Dunn, Jr., Counsel for the Plaintiff

/s/ Valerie J. Fatica
Valerie J. Fatica, Counsel for the Plaintiff

/s/   Robert J. Johnson
 Robert J. Johnson, Counsel for the Defendant

**Parties:**

/s/   Leland Foster          September 19, 2017
Leland Foster          Date

Central Michigan Inns, Inc., a Michigan corporation
By its authorized representative:

/s/   William Brehm        September 19, 2017
William Brehm, President       Date

5



**THE LAW OFFICES OF**

Owen B. Dunn, Jr.
Admitted to Ohio & Michigan Bars
www.OwenDunnLaw.com
Email: dunnlawoffice@sbcglobal.net

The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH  43615
Phone: (419) 241-9661
Fax: (419) 241-9737
Monroe, MI: (734) 240-0848

EXHIBIT  A

July 25, 2017

<u>**EXHIBIT A**</u>

Robert J. Johnson
Hackney Grover
3514 Rivertown Parkway Court, Ste. B
Grandville, MI 49418
(616) 257-3900
rjohnson@hackneygrover.com

  Re: *Foster v. Central Michigan Inns, Inc.*
  *Case no. 1:16-cv-01272*

<u>**AGREED REMEDIAL MEASURES – HOLIDAY INN EXPRESS & SUITES OKEMOS**</u>

<u>**Parking**</u>

1. The two (2) designated accessible parking spaces serving the lobby entrance have cracked asphalt creating an uneven surface, the access aisle has a running slope of 8% at the curb and the aisle does not lead to an accessible route due to the vertical change in level of the curb in violation of sections 206.2.1, 502.3 and 502.4 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will re-surface asphalt to address cracking and so the slope does not exceed 2%. Defendant shall re-stripe the designated accessible parking spaces and access aisle. And create an accessible curb ramp at terminus of access aisle to connect to an accessible route to the entrance it serves. Plaintiff recommends completion within one year of execution of settlement agreement.

Response: <u>Accepted</u>

2. The designated accessible parking spaces serving the lobby entrance signage is not mounted at required height in violation of sections 502.6 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will install signage at each individual designated accessible parking space at compliant height not less than 60 inches above the ground surface. Plaintiff recommends completion within one year of execution of settlement agreement.

Response: <u>Accepted</u>

EXHIBIT  A

July 25, 2017
Page 2

3. The two (2) designated accessible parking spaces serving the rooms 164-179 entrance have cracked asphalt creating an uneven surface, the access aisles have running slopes of 6.9%, 6.2% and 6.3%, and the aisle does not lead to an accessible route due to the vertical change in level of the curb in violation of sections 206.2.1, 502.3 and 502.4 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will re-surface asphalt to address barriers itemized above. Plaintiff recommends completion of item over the ordinary course of business.

Response: <u>Accepted</u>

4. The designated accessible and designated van accessible parking spaces serving the rooms 164-179 entrance signage are not mounted at required height and the van space does not reflect is it "van accessible" in violation of sections 208.2.4 and 502.6 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will install signage at each individual designated accessible and designated van accessible parking space at compliant height not less than 60 inches above the ground surface and with the language "van accessible" where required to comply with the ADAAG. Plaintiff recommends completion within one year of execution of settlement agreement.

Response: <u>Accepted</u>

5. The two (2) designated accessible parking spaces serving the conference rooms and guest rooms 100-131 entrance have cracked asphalt creating an uneven surface, the access aisle serving these spaces is only 48" wide, and the aisle does not lead to an accessible route due to the vertical change in level of the curb in violation of sections 206.2.1, 502.3 and 502.4 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will re-surface asphalt to address cracking. Defendant shall re-stripe the designated accessible parking spaces and access aisle to accomplish an access aisle with the compliant width. And create an accessible curb ramp at terminus of access aisle to connect to an accessible route to the entrance it serves. Plaintiff recommends completion within one year of execution of settlement agreement.

Response: <u>Accepted</u>

EXHIBIT  A

6.  Accessible parking space serving the conference rooms and guest rooms 100-131 entrance is marked with a sign indicating "Van accessible" but it is not compliant.

Recommendation: Central Michigan Inns, Inc. will remove signage with the language "van accessible" due to this not being a "van" space. Plaintiff recommends completion within one year of execution of settlement agreement.

Response: <u>Accepted</u>

7.  The designated accessible parking space serving the guest rooms 132-164 entrance have an uneven surface, the running slopes are 2.6% and 2.9%, and the aisle does not lead to an accessible route due to the vertical change in level of the curb in violation of sections 206.2.1, 502.3 and 502.4 of the 2010 Standards.

Recommendation: Plaintiff recommends no change to this parking space because violations are *de minimis* or within acceptable variances.

Response: <u>Accepted</u>

**<u>Passenger Loading Zone</u>**

8.  The passenger loading zone does not have an 8' wide vehicle pull up space with a 5' wide marked access aisle adjacent to the space that connects to an accessible route to the front entrance in violation of sections 503.2, 503.3, 503.5 and 502.6 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will provide a marked access aisle adjacent to the vehicle pull space. Plaintiff recommends completion within one year of execution of settlement agreement.

Response: <u>Accepted</u>

9.  The passenger loading zone pull up space does not connect to an accessible route due to the 6" high curb.

Recommendation: Central Michigan Inns, Inc. will construct a compliant curb rap adjacent to the vehicle pull space. Plaintiff recommends completion within one year of execution of settlement agreement.

Response: <u>Accepted</u>

EXHIBIT A

10. The passenger loading zone and lobby entrance do not have proper signage in violation of sections 216.3, 216.4 and 703.7 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will install compliant signage Plaintiff recommends completion within one year of execution of settlement agreement.

Response: <u>Accepted</u>

**<u>Accessible Routes Exterior</u>**

11. The curb ramp leading from the designated accessible parking to the lobby entrance has running slopes of 26% and 9.3% at the terminus, as well as cross slopes between 30% - 31.7% at the top of the ramp. The right side flare of the curb ramp has a 69.5% slope, and left side flare of the curb ramp has a 64.6% slope, all exceeding the maximum allowances.

Recommendation: Central Michigan Inns, Inc. will construct a compliant curb rap on the accessible route leading from the designated accessible parking to the lobby entrance. Refer also to item #1. Plaintiff recommends completion within one year of execution of settlement agreement.

Response: <u>Accepted</u>

12. The curb ramp leading from the designated accessible parking to the rooms 164-179 entrance has cross slopes exceeding the maximum allowance of 1:48 at the top of the ramp, a 6.7% running slope at the ramp landing, and a 1" change of level at the terminus of the ramp. The side flares of the curb ramp have a 48.2% slope, exceeding the maximum allowance of 1:10.

Recommendation: Central Michigan Inns, Inc. will construct a compliant curb rap on the accessible route leading from the designated accessible parking to the rooms 164-179 entrance. Refer also to item #3. Plaintiff recommends completion within one year of execution of settlement agreement.

Response: <u>Accepted</u>

13. The entry door threshold to the rooms 164-179 entrance is 1" high exceeding the maximum allowance of ½" in violation of section 404.2.5 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will modify door threshold not to exceed ½" maximum.  Plaintiff recommends completion within one year of execution of settlement agreement.

EXHIBIT  A

Response: <u>Accepted</u>

14. The curb ramp leading from the designated accessible parking to the conference rooms
and guest rooms 100-131 entrance has running slopes of 9.6% and 16.9% exceeding the
maximum allowance of 1:12. Also, there is a 1" vertical change in level at the terminus of
the ramp exceeding the ½" maximum allowance, in violation of sections 206.2.1, 405.2
and 303.2 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will construct a compliant curb rap on the
accessible route leading from the designated accessible parking to the lobby entrance. Refer
also to item #5. Plaintiff recommends completion within one year of execution of settlement
agreement.

Response: <u>Accepted</u>

15. The curb ramp leading from the designated accessible parking to the guest rooms 132-
164 entrance has running slopes of 9.1% and 17.49% exceeding the maximum allowance
of 1:12. The side flares of the curb ramp have a 51.4% slope and 47% slope, exceeding
the maximum allowance of 1:10. Also, there is a 1" vertical change in level at the
terminus of the ramp exceeding the ½" maximum allowance, in violation of sections
206.2.1, 405.2 and 303.2 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will construct a compliant curb ramp on the
accessible route leading from the designated accessible parking to the guest rooms 132-164
entrance. Plaintiff recommends completion within one year of execution of settlement
agreement.

Response: <u>Accepted</u>

### **Accessible Routes Interior**

16. The stairway has handrails that do not provide a compliant gripping surface, do not run
continuously between flights, and lack 12" extensions at the top and bottom in violation
of sections 505.3, 505.6 and 505.10 of the 2010 ADA Standards.

Recommendation: Plaintiff Foster has reviewed the report of ADA Compliance Team, Inc.
and has concluded that, by mutual agreement of the parties, the remedy of the stairway
handrails issues as cited by ADA Compliance Team, Inc. is not readily achievable.  Plaintiff
recommends no change.

Response: <u>Accepted</u>

**Access to Goods and Services**

17. The transaction counter located at registration has a lowered with a non-compliant narrow length of 18 ½ inches in violation of section 904.4 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will modify or add a 36" high by 36" long counter to the existing counters.  Plaintiff recommends completion within one year of execution of the settlement agreement.

Response: Accepted

18. The surface tops of the tables in the lobby coffee area are 42½ inches above the finish floor, exceeding the maximum allowance of 34 inches above the finish floor and the alternate table seating in the breakfast area do not provide compliant toe clearance for a wheelchair user in violation of sections 226.1, 306.2, 306.3, 902.1 and 902.2 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will provide that 1 dining table with knee and toe clearance and height compliant with the 2010 Standards be added to the lobby seating area. Plaintiff recommends completion within one year of execution of the settlement agreement.

19. The audio smoke alarm does not provide a permanently installed visual alarm in violation of sections 215.4 and 702 of the 2010 Standards.

Recommendation:  Central Michigan Inns, Inc. will install a compliant fire alarm pursuant. Plaintiff recommends completion within one year of execution of the settlement agreement.

Response: Accepted

20. The emergency fire alarm pulls are located 54" and 57" AFF, exceeding the maximum reach range allowance of 48" above the finish floor in violation of sections 309.3 and 308 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will maintain the area in front of the emergency fire alarms free of any obstacles that would impede a side approach by persons who use a wheelchair for mobility. There will be no physical change to the heights of the existing alarms.  Plaintiff recommends completion within one year of execution of the settlement agreement.

Response: Accepted

EXHIBIT  A

21. Shuttle services are offered with no adaptive no lift van in violation of the ADA general anti-discrimination provisions which prohibit all practices which deprive individuals with disabilities from participating on an equal basis.

Recommendation:  Central Michigan Inns, Inc. will make available and publicize at front desk a courtesy transportation service with adaptive features. This courtesy transportation shall be limited to within a 5 miles radius of the hotel, consistent with the existing courtesy transportation, and may be offered by a third-party provider. Plaintiff recommends completion within one year of execution of the settlement agreement.

Response: <u>Accepted</u>

**Swimming Pool Area**

22. Several items were identified in the report of ADA Compliance Team, Inc. as barriers to handicap access in the pool area in violation of 2010 Standards.

Recommendation: Plaintiff Foster has reviewed the report of ADA Compliance Team, Inc. and believes the maneuvering clearance violation and pool area seating violation as cited to be de minimus in nature.  Plaintiff recommends no change.

Response: <u>Accepted</u>

**Public Restrooms**

**Conference Room Public Restrooms**

23. The men's and women's conference room restrooms have features that are not in compliance with the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will direct patrons and guests who require restrooms with mobility features to the registration lobby entrance restroom facilities. Plaintiff recommends completion within one year of execution of the settlement agreement.

Response: <u>Accepted</u>

**Regsitration Entrance Lobby Public Restrooms**

24. The accessible toilet compartments in the men's and women's registration entrance lobby restrooms do not provide the required clear floor space in violation of section 604.8.1.1 of the 2010 Standards.

EXHIBIT  A

Recommendation: Central Michigan Inns, Inc. will reconfigure the toilet compartments to comply with the 2010 Standards. Plaintiff recommends completion within one year of execution of the settlement agreement

Response: <u>Accepted</u>

25. In the men's and women's registration entrance lobby restrooms, the toilet compartment door is not self-closing, swings into the toilet compartment further impairing clear floor space, and does not provide door pulls on both sides in violation of sections 404.2.7 and 604.8.1.2 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will install a toilet compartment door closer and door pulls on both sides of the door. Plaintiff recommends completion within one year of execution of the settlement agreement.

Response: <u>Accepted</u>

26. The rear grab bars in the men's and women's registration entrance lobbyrestrooms' accessible toilet compartments are missing, the side grabs do not extend the minimum 54" from the back wall, and the exisiting grab bars are mounted below the 33" minimum, in violation of sections 604.5.1 and 604.5.2 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will install grabs bars that comply with sections 604.5.1 and 604.5.2 of the 2010 Standards.  Plaintiff recommends completion within one year of execution of the settlement agreement.

Response: <u>Accepted</u>

27. The men's and women's registration entrance lobby restrooms have approach clearances on both sides of the doors that do not meet required dimensions in violation of section 404.2.4.1of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will alter the entryways to provide compliant latch-side maneuvering clearance or install an automatic door opener to comply with Sections 404.2.4 and 404.3 of the 2010 Standards. Plaintiff recommends completion within one year of execution of the settlement agreement.

Response: <u>Accepted</u>

**Fitness Center Public Restrooms**

EXHIBIT  A

28. The men's and women's fitness center restroom signage is mounted above the maximum height allowance of 60 inches above the finish floor and does not provide compliant ISA and braille as required by sections 216.8 and 703.4.1 and 703.4.2 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will install signs containing the ISA and tactile features at the latch side of the door where required. Plaintiff recommends completion within one year of execution of the settlement agreement.

Response: <u>Accepted</u>

29. The accessible toilet compartments in the men's and women's fitness center restroom restrooms are 50 ½ inches wide and do not provide the required clear floor space in violation of section 604.8.1.1 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will reconfigure the toilet compartments to comply with the 2010 Standards. Plaintiff recommends completion within one year of execution of the settlement agreement

Response: Accepted

30. In the men's and women's fitness center restrooms, the toilet compartment door is not self-closing, swings into the toilet compartment further impairing clear floor space (see # 22), and does not provide door pulls on both sides in violation of sections 404.2.7 and 604.8.1.2 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will install a toilet compartment door closer and door pulls on both sides of the door. Plaintiff recommends completion within one year of execution of the settlement agreement.

Response: Accepted

31. In the men's fitness center restroom there is only a 1 inch space between the rear-wall grab bar and the top of the water below, obstructing the use of the grab bar, in violation of sections 604.8.1.5 and 609.3 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will relocate the grab bar to comply with the code. Plaintiff recommends completion within one year of execution of the settlement agreement.

Response: Accepted

32. In the men's and women's fitness center restrooms, the water closet flush controls are not located on the open side of the unit, and the water closet only measures 15 ½ inches to the rim of the seat above the finish floor in violation of section 604.6 and 604.4 of the 2010 Standards.

EXHIBIT  A

Recommendation: Central Michigan Inns, Inc. will install new water closets with compliant flush control location and seat heights. Plaintiff recommends completion within one year of execution of the settlement agreement.

Response: Accepted

33. The soap dispenser located in the men's fitness center restroom is mounted 53 inches above the finish floor, exceeding the maximum height allowance of 48 inches, in violation of section 309.3 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will relocate or install a new soap dispenser within the compliant reach range to the operable parts. Plaintiff recommends completion within one year of execution of the settlement agreement.

Response: Accepted

34. In the women's fitness room restroom the water closet side-wall grab bar is mounted 2 inches from the back wall and only extends out 38 ½ inches from the rear wall, in violation of sections 604.8.1.5 and 604.5.1of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will install a 42 inch long minimum side-wall grab bar to be located 12 inches maximum from the rear wall, and extending 54 inches minimum from the rear wall. Plaintiff recommends completion within one year of execution of the settlement agreement.

Response: Accepted

35. The women's fitness room restroom has only 3 inches of latch side clearance to exit the room in violation of section 404.2.4.1of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will alter the entryway to provide compliant latch-side maneuvering clearance or install an automatic door opener to comply with Sections 404.2.4 and 404.3 of the 2010 Standards. Plaintiff recommends completion within one year of execution of the settlement agreement.

Response: Accepted

## Stadium Green Conference Room

36. The thermostats are located 59½ inches and 63 inches above the finish floor, exceeding the maximum reach range allowance of 48 inches above the finish floor.

Recommendation: Central Michigan Inns, Inc. signage offering assistance or lower the thermostats to comply with Section 309.3 and 308 of the 2010 Standards. Plaintiff

recommends completion within one year of execution of the settlement agreement.

Response: Accepted

37. The audio smoke alarm does not provide a permanently installed visual alarm in violation
   of sections 215.4 and 702 of the 2010 Standards.

Recommendation:  Central Michigan Inns, Inc. will install a compliant fire alarm pursuant.
Plaintiff recommends completion within one year of execution of the settlement agreement.

Response: Accepted

38. The furniture and plant obstruct the clear floor space to access the fire alarm pull in
   violation of Section 309.2 of the 2010 Standards.

Recommendation:  Central Michigan Inns, Inc. will remove and/or relocate furnishings to
provide compliant clear floor space.  Plaintiff recommends completion within one year of
execution of the settlement agreement.

Response: Accepted

**Transient Lodging Designated Accessible Guest Rooms**


**Designated Mobility Accessible Guest Room #112 (Double Queen Bed/Roll-in)
And Mirror Image Guest Rooms Fitted with Roll-In Shower**

39. The guest room entrance door only provides 3" of latch-side clearance to exit the guest
   room when the bathroom door is closed and, there is only 39" of clear floor space in front
   of the guest room entrance door when bathroom door is open, in violation of sections
   404.2.4 and 404.3 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will modify the entryway to provide
compliant latch-side maneuvering clearance or install an automatic door opener. Plaintiff
recommends completion within three years of execution of settlement agreement.

Response: Accepted


40. There is no clear floor space to access one of the light fixtures next to the bed due to a
   chair impairing access in violation of sections 205.1 and 309.2 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will relocate the chair to provide compliant
clear floor space to access the light fixture and provide an accessible route through the room.

EXHIBIT  A

Plaintiff recommends completion within two years of execution of settlement agreement.

Response: Accepted

41. In the designated accessible guestrooms the desk apron is only 25½ inches above the finish floor which does not provide for compliant knee clearance in violation of section 306.3 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will provide a compliant desk with the required knee clearance.  Plaintiff recommends completion within two years of execution of settlement agreement.

Response: Accepted

42.  In the designated accessible guestroom bathroom the towel shelf is mounted 59 inches above the finish floor exceeding the maximum allowance.

Recommendation: Central Michigan Inns, Inc. will add a compliant towel rack and shelf or relocate the existing towel shelf to between 40 inches minimum to 48 inches maximum above the finish floor to comply with Section 603.4 of the 2010 Standards.  Plaintiff recommends completion within two years of execution of settlement agreement.

Response: Accepted

43. In the designated accessible guestroom bathroom the toilet paper dispenser is mounted 1 inch from the front of the water closet to the center line of the toilet paper dispenser, in violation of sections 604.7 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will reinstall the toilet paper dispenser to be between 7 inches minimum to 9 inches maximum in front of the water closet measured to the centerline of the dispenser. Plaintiff recommends completion within two years of execution of the settlement agreement.

Response: Accepted

44. In the designated accessible guestroom bathroom the water closet rear wall grab bar is mounted 42 inches above the finish floor, measured to the top of the gripping surface, exceeding the maximum allowance of 36 inches above the finish floor. Also, this grab bar is only 24 inches long whereas a 36 inch rear grab bar is required. In violation of sections 604.5.2 and 609.4 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will provide a 36 inch length rear grab bar mounted 33 inches minimum to 36 inches maximum above the finish floor measured to the top of the gripping surface. Plaintiff recommends completion within two years of execution of settlement agreement.

EXHIBIT  A

Jul
Pag

Response: Accepted

45. In the designated accessible guestroom bathroom the water closet is located 21 inches from the side wall measured to the centerline of the water closet, exceeding the 18 inch maximum allowance in violation of section 604.2 of the 2010 Standards.

Recommendation: By mutual agreement of the parties, the remedy of the aforementioned item is not readily achievable. Plaintiff recommends no change.

Response: Accepted

46. In the designated accessible guestroom bathroom the roll-in shower has only a 58 inch wide minimum entry on the face of the shower compartment and, the location of the shower controls are not positioned in the back wall as required in a Standard Roll-In Type Shower Compartment, and the height of the shelves in the roll-in shower are 49½ inches and 60 inches above the finish floor exceeding the maximum height allowance of 48 inches in violation of sections 608.2.2, 603.4 and 608.5.2 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will install a Standard Roll-In Type Shower Compartment with the controls, faucets, and shower spray unit shall be installed on the back wall adjacent to the seat wall and shall be located 27 inches maximum from the seat wall and compliant shelves between 40 inches minimum to 48 inches maximum above the finish floor. By agreement of the parties, the identified width violation of the shower unit is de minimis in nature and requires no change. Plaintiff recommends completion within two years of execution of the settlement agreement.

Response: Accepted

47. In the designated accessible guestrooms bathroom the hand-held shower-spray unit does not provide the required on/off control in violation of section 607.6 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will provide a compliant hand-held shower-spray unit, mounted 48 inches above the finish floor, complete with the required on/off non-positive shut off control.  Plaintiff recommends completion within two years of execution of settlement agreement.

Response: Accepted

48. In the designated accessible guestroom bathroom the lavatory pipes are not insulated to protect for contact in violation of section 606.5 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will install insulation wrap around the water line and drain pipes to protect for contact. Plaintiff recommends within two years of execution of the settlement agreement.

EXHIBIT A

Response: Accepted

49. In the designated accessible guestroom bathroom there is only 4 inches of latch-side maneuvering clearance to exit the bathroom in violation of sections 404.2.4 and 404.3 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will consult with its own retained expert, Nederveld, Inc., to determine if reversal of door swing from inward to outward, into the guest room, or other readily achievable alternatives may exist to modify the bathroom entry to provide compliant latch-side maneuvering clearance. If it is determined upon consultation a readily achievable barrier removal option exists, the Defendant shall incorporate it into the renovation plan.  Plaintiff recommends within two years of execution of the settlement agreement.

Response: Accepted

## Designated Mobility Accessible Guest Room #113 (Double Queen Bed/Bathtub) And Mirror Image Guest Rooms Fitted with Bathub

50. The guest room entrance door only provides 3" of latch-side clearance to exit the guest room when the bathroom door is closed and, there is only 39" of clear floor space in front of the guest room entrance door when bathroom door is open, in violation of sections 404.2.4 and 404.3 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will modify the entryway to provide compliant latch-side maneuvering clearance or install an automatic door opener. Plaintiff recommends completion within three years of execution of settlement agreement.

Response: Accepted

51. In the designated accessible guestrooms the desk apron is only 25½ inches above the finish floor which does not provide for compliant knee clearance in violation of section 306.3 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will provide a compliant desk with the required knee clearance.  Plaintiff recommends completion within two years of execution of settlement agreement.

Response: Accepted

52. There is no clear floor space to access one of the light fixtures next to the bed due to a chair impairing access in violation of sections 205.1 and 309.2 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will relocate the chair to provide compliant clear floor space to access the light fixture and provide an accessible route through the room.

EXHIBIT  A

Plaintiff recommends completion within two years of execution of settlement agreement.

Response: Accepted

53. In the designated accessible guestrooms the hangar rods provided in the storage closet are mounted 65 inches and 73½ inches above the finish floor exceeding the 48 inches above the finish floor maximum reach range allowance, in violation of section 308.2.1 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will re-mount the hangar rods to be no greater than 48 inches above the finish floor.  Plaintiff recommends completion within two years of execution of settlement agreement.

Response: Accepted

54. In the designated accessible guestroom bathroom the towel shelf is mounted 59 inches above the finish floor exceeding the maximum allowance.

Recommendation: Central Michigan Inns, Inc. will add a compliant towel rack and shelf or relocate the existing towel shelf to between 40 inches minimum to 48 inches maximum above the finish floor to comply with Section 603.4 of the 2010 Standards.  Plaintiff recommends completion within two years of execution of settlement agreement.

Response: Accepted

55. In the designated accessible guestroom bathroom the water closet rear wall grab bar is mounted 40 ½ inches above the finish floor, measured to the top of the gripping surface, exceeding the maximum allowance of 36 inches above the finish floor. Also, this grab bar is only 24 inches long whereas a 36 inch rear grab bar is required. In violation of sections 604.5.2 and 609.4 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will provide a 36 inch length rear grab bar mounted 33 inches minimum to 36 inches maximum above the finish floor measured to the top of the gripping surface. Plaintiff recommends completion within two years of execution of settlement agreement.

Response: Accepted

56. In the designated accessible guestroom bathroom the water closet flush control is not located on the wide side approach of the water closet as required, in violation of section 604.6 of the 2010 Standards.

Recommendation:  Central Michigan Inns, Inc. will install a water closet with the flush control located on the wide side approach. Plaintiff recommends completion within two years of execution of settlement agreement.

EXHIBIT  A

Response: Accepted

57. In the designated accessible guestroom bathroom the toilet paper dispenser is mounted 1 inch from the front of the water closet to the center line of the toilet paper dispenser, in violation of sections 604.7 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will reinstall the toilet paper dispenser to be between 7 inches minimum to 9 inches maximum in front of the water closet measured to the centerline of the dispenser. Plaintiff recommends completion within two years of execution of the settlement agreement.

Response: Accepted

58. In the designated accessible guestroom bathroom the lavatory pipes are not insulated to protect for contact in violation of section 606.5 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will install insulation wrap around the water line and drain pipes to protect for contact. Plaintiff recommends within two years of execution of the settlement agreement.

Response: Accepted

59. In the designated accessible guestroom bathroom the the height of the shelves in the bathtub is 54 inches above the finish floor exceeding the maximum height allowance of 48 inches in violation of sections 608.2.2, 603.4 and 608.5.2 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will install a bathtub shelves between 40 inches minimum to 48 inches maximum above the finish floor.  Plaintiff recommends completion within two years of execution of the settlement agreement.

Response: Accepted

60. In the designated accessible guestroom fitted with a tub the faucet controls are not located between the open side of the bathtub and the centerline of the width of the bathtub in violation of section 607.5 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will locate the faucet controls in the bathtub to comply with the 2010 Standards.  Plaintiff recommends completion within two years of execution of settlement agreement.

Response: Accepted

61. In the designated accessible guestroom fitted with a tub the existing bathtub grab bar is not located as required by the Standards and a second grab bar mounted 8 inches to 10 inches above the bathtub rim is not provided in violation of section  607.4 of the 2010

EXHIBIT  A

Jul
Pag

Standards.

Recommendation: Central Michigan Inns, Inc. will install compliant bathtub grab bars. Plaintiff recommends completion within two years of execution of settlement agreement.

Response: Accepted

62. In the designated accessible guestrooms bathtub the hand-held shower-spray unit does not provide the required on/off control in violation of section 607.6 of the 2010 Standards.

Recommendation: Central Michigan Inns, Inc. will provide a compliant hand-held shower-spray unit, mounted 48 inches above the finish floor, complete with the required on/off non-positive shut off control.  Plaintiff recommends completion within two years of execution of settlement agreement.

Response: Accepted

**Guest Rooms #166 and 167 (King Suite/Transfer Type Shower/Spa)**
**And Mirror Image Guest Suites**

63. The report of ADA Compliance Team, Inc. identifies numerous barriers to handicap access in the two King Suites surveyed, which is to be expected when a suite is not classified as a designated mobility accessible guestroom.  Therefore, Plaintiff will not exhaustively identify barriers and recommendations for a room not equipped for handicap access.

Recommendation: Central Michigan Inns, Inc. will modify one King Suite to include a compliant roll-in shower unit and perform other necessary remedial measures to achieve a fully compliant mobility accessible guestroom.  The aforementioned renovation shall not require the installation of any adaptive lift at the Kig Suite Jacuzzi.  Plaintiff recommends completion within two years of execution of settlement agreement.

Response: Accepted

**POLICIES & PROCEDURES**

64. The operator lacks adequate policies and procedures for the benefit of disabled patrons. The Americans with Disabilities Act (ADA) legislated equal access to facilities. This includes an evacuation plan and accommodation for people of various mobility impairment, hearing and visual difficulties, speech problems, and reduced mental capabilities.

Recommendation:  Central Michigan Inns, Inc. will modify it company manual to adopt policies and procedures for the benefit of its disabled patrons and guests and train its

EXHIBIT  A

July
Page 18

employees in their application.  The modified manual shall be provided to the counsel for Plaintiff within six months of execution of the settlement agreement.

     Response: Accepted

**<u>Re-Inspection</u>**

65. The Plaintiff requests a 60 day window following completion of all remedial measures to conduct an inspection of all modifications to the hotel property made subject to the parties' settlement agreement.

Response: Accepted

EXHIBIT  A